OPINION
This appeal is taken by defendant-appellant Loren Brown from an order denying his motion to withdraw guilty plea entered by the Court of Common Pleas of Seneca County.
On October 5, 1998, Loren Brown entered an oral plea of guilty to a one-count indictment of domestic violence, a felony in the fifth degree. Upon entry of the guilty plea the court, after inquiry into the competency of Brown and satisfaction that he was indeed competent, advised Brown of his rights under the law of Ohio. The court further informed Brown of the maximum penalty, prison terms for multiple punishments, court costs, restitution, probation and consequences of parole violation. Brown unequivocally stated that he understood all of his rights, that he understood the nature of the charges, his possible defenses, and that his plea was being entered voluntarily and of his own free will. The court accepted the oral guilty plea, entered its finding of guilty, and thereafter referred Brown to the Adult Probation Department for a pre-sentence investigation.
During the course of the pre-sentence investigation, the Seneca County Public Defender representing Brown filed a motion to withdraw as counsel citing Brown's uncooperativeness and dissatisfaction with his performance as grounds for withdrawal. The court accepted the motion and assigned new counsel to represent Brown.
On January 19, 1999, prior to the scheduled sentencing date, Brown filed a motion to withdraw his oral guilty plea pursuant to Rule 32.1 of the Ohio Rules of Criminal Procedure. The lower court then stayed the sentencing, pending a hearing on Brown's motion to withdraw his oral guilty plea. On February 2, 1999, a hearing was held on Brown's motion to withdraw his oral guilty plea. The hearing was continued until March 1, 1999 because a witness for the State did not appear. At the close of the hearing on March 1, 1999, the trial court heard the arguments of counsel and indicated that it would review the audiotape of the October 5, 1998 oral guilty plea. After consideration of all available evidence the trial court rendered its decision on the same date, March 1, 1999, in a journal entry denying Brown's motion to withdraw the oral guilty plea. On appeal from that denial Brown makes the following assignment of error:
 In an abuse of its discretion, the lower court reversibly erred to the prejudice of the defendant/appellant, when said court denied the defendant's pre-sentence motion to withdraw a plea of guilty, thereby violating rule 32.1 of the O.R.Cr.P., and violating the defendant/appellant's fundamental rights to a jury trial and to due process of law, as guaranteed by the sixth and fourteenth amendments to the Constitution of the United States.
Brown essentially claims that the trial court erred by denying his motion for withdrawal of his guilty plea. A motion to withdraw a guilty plea is governed by the standards set forth in Crim.R. 32.1 which states:
 A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea.
A defendant does not have an absolute right to withdraw a guilty plea prior to sentencing. State v. Xie (1992), 62 Ohio St.3d 521. The decision to grant or deny a pre-sentence motion to withdraw a guilty plea is within the sound discretion of the trial court. Id. at paragraph two of the syllabus. For us to find an abuse of discretion in this case, we must find that the trial court's ruling was "unreasonable, arbitrary or unconscionable." State v. Adams (1980), 62 Ohio St.2d 151, 157, 404 N.E.2d 144,149.
The record does not reveal evidence that the trial court acted unreasonably in denying Brown's motion for withdrawal of his guilty plea. In fact, the record is unequivocally clear that the trial court instructed Brown of his rights, elicited Brown's response that he understood his rights and his effective waiver of such upon the acceptance of his guilty plea, and Brown still maintained his willingness to enter his plea of guilty. The record discloses no circumstances that suggest or permit inference that Brown entered his guilty plea in an unknowing, unintelligent and involuntary manner. As a result, this court cannot conclude that the trial court abused its discretion when it denied Brown's motion for withdrawal of his guilty plea. No error having been shown, Brown's sole assignment of error is overruled and the judgment of the Court of Common Pleas of Seneca County is affirmed.
Judgment affirmed.
WALTERS and SHAW, JJ., concur.